LUMBERMAN, The (WOOD v.). See Case No. 17,949.

## Case No. 8,606.

### In re LUMPKIN.

[2 Hughes, 175.] [1]

District Court, E. D. Virginia. May, 1874.

CLAIM FOR RENT—RIGHT OF HOMESTEAD—JUDGMENT FOR DEBT—SUPERIORITY—WAIVER OF LIEN FOR RENT.

Where a landlord, having a claim for rent, which is in Virginia superior to the right of homestead, solicits and obtains an office judgment by confession for the amount due him as "recovered for debt," the law of Virginia making the right of homestead superior to a judgment for debt: *Held*, that here was waiver of the specific lien for rent, and an acceptance of a judgment for debt in lieu of the rent, and that the homestead might be allowed as against the judgment.

[In the matter of John G. Lumpkin, a bankrupt.]

HUGHES, District Judge. In this case it must be conceded that the bankrupt has received very liberal allowances on the score of exemptions. But the only protest against these allowances is made by Sarah T. Sydnor, executrix of William B. Sydnor, deceased, who claims that a judgment in her favor rendered by the county court of Hanover county, on the 12th day of December, 1872, upon a confession of judgment by the said Lumpkin, for the sum of $250, is founded on rent due her from Lumpkin, and that the homestead exemption is not good against rent. The record of the county court of Hanover does not show that it was rendered for rent due. It was not rendered upon a distress for rent, it was rendered in the clerk's office upon "judgment confessed by the defendant for $250," and the execution recites

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

that it was issued upon a "judgment recovered for debt" generally; one-half due 1st July, 1872; rest, 31st December, 1872. The adjudication in bankruptcy was on the 9th August, 1873. The 11th article of the state constitution, repeated by chapter 183 of the Code, pp. 1168, 1169, giving the homestead exemption of $2000, provided, amongst other things, that "such exemption shall not extend to any execution, order, or other process issued on any demand . . . for rent hereafter accruing;" and the 7th section of the 11th article of the state constitution provides that "the provisions of this article shall be construed liberally, to the end that all the intents thereof may be fully and perfectly carried out."

The only question in the case presented now for decision is whether the execution above described issuing from the county court of Hanover can be regarded as an execution for rent. It was awarded upon a judgment for debt confessed in the office, and the record of that court supplies no information whatever as to the nature of the debt for which it was confessed. The exception in favor of rent in the homestead article of the constitution occurs in a category of exceptions of liabilities. all of which, more or less, operate as liens, such as unpaid purchase-money due for lands, taxes, levies, assessments. and the like. It is plain that the constitution in its exception of rent looked only to those executions upon distress process where the lessor held a lien upon the specific property of the lessee which was liable for rent, and did not intend to extend the lien for rent to all the personalty of the lessee. Being bound to construe the law of the state giving the homestead exemption "liberally," I must look to the record of the county court of Hanover as it is, and cannot, upon extraneous allegations. interpret it to be judgment for rent, when it appears to be a judgment for a debt generally; or extend the lien which the lessor had upon such specific personalty as might have been subject to the lien for rent, to all the personalty of the bankrupt. The lessor's execution has in fact waived her specific lien for rent by taking a general judgment. Against such a judgment the homestead exemption is good. Her petition is therefore dismissed.

LUMPKIN (UNITED STATES v.). See Case No. 15,640.

LUMSDEN (UNITED STATES v.). See Case No. 15,641.

LUND (LLOYD v.). See Case No. 8,433.

LUNT (SCOTT v.). See Case No. 12,540.

LUNT (UNITED STATES v.). See Cases Nos. 15,642 and 15,643.

LUNT, The J. B. See Case No. 7,246.